THOMAS ROBERTS STEVENSON CO. v. McFASSELL.

(Circuit Court, E. D. Pennsylvania. June 18, 1898.)

No. 47.

1. PATENTS—INVENTION—COOKING RANGES.
 There is no invention in changing the location of the circulating boiler of a cooking range so as to place it horizontally upon a supporting frame attached to the top of the range, and in proper connection with the circulating pipes leading to and from the water-back in the fire chamber, thereby dispensing with any brickwork, or in rearranging the warming shelf and other parts, having entirely independent and separate purposes, to conform to this change in structure.

2. SAME.
 The Hayes patent, No. 310,276, for an improvement in ranges and stoves, is void for want of invention.

This was a suit in equity by the Thomas Roberts Stevenson Company against Harry W. McFassell, Jr., for alleged infringement of a patent for improvements in ranges and stoves.

Henry E. Everding, for complainant.
Joshua Pusey, for respondent.

DALLAS, Circuit Judge. This is a suit upon letters patent No. 310,276, dated January 6, 1885, issued to Isaac Haves, for "a new and useful improvement in ranges and stoves." The specification and claim are as follows:

"My invention consists in constructing a portable cooking range, in which the circulating boiler rests in a horizontal position upon a supporting frame secured to the top of the range, with circulating pipes connected to the boiler and with the water-back in the fire chamber, the object of which is to dispense with brickwork, and thus lessen the cost, and to economize space, and render the parts easy of access in case of repairs or cleaning. My invention is also applicable to ordinary cooking stoves. Reference is had to the accompanying drawings, in which Fig. 1 is a front view of my improvement in portable ranges. Fig. 2 is an end view of the same. Fig. 3 is a perspective view of the supporting frame in which the boiler rests. The portable range, A, Figs. 1 and 2, has inclosed ends and back, and is provided with the ordinary fire chamber, oven, and water-back, with circulating pipes, B, B', leading to the boiler. The supporting frame, Fig. 3, consists of the uprights, C, C', the upper ends of which are made semicircular in form to accommodate the boiler, D. The said uprights, C, C', which may be of any suitable height, are secured at their lower ends, a proper distance apart, to the top of the range, and are also connected to a plate, E, which extends across, and serves as a guard on the back of the range. The boiler, D, which rests in a horizontal position on the uprights, C, C', is connected to the water-back in the fire chamber, as above stated, and has its upper surface covered with a warming shelf, F, the ends of which are made to project downward and fit over the boiler, and are secured to the uprights. What I claim, and desire to secure by letters patent, is the combination of the portable range, A, uprights, C, C', plate, E, warming shelf, F, boiler, D, and pipes, B, B', substantially as shown and described."

Fig. 1 of the drawings, here reproduced, sufficiently exhibits the structure intended to be covered by the patent:

FIG. 1

It appears from the specification that the main object of the patentee was to dispense with brickwork, by constructing a cooking range with inclosed ends and back, like an ordinary cooking stove, to which, as he states, his invention is also applicable. In other words, the part of the structure marked "A," whether it be called a stove or a range, is simply a cooking apparatus, "with the ordinary fire chamber, oven, and water-back, with circulating pipes, B, B', leading to the boiler"; and if this and nothing more had been claimed, unquestionably no patent could properly have issued. But it is contended that by associating and connecting with the range, A, in the manner shown and described, the other elements mentioned, Hayes exercised the inventive faculty, and created a patentable combination. I am unable to assent to this. It is quite apparent that the only substantial question to which his attention was directed was that which is suggested at the outset of his specification. In a portable cooking range (that is to say, a range without brickwork), where should the circulating boiler be placed? The ordinary circulating pipes, would, of course, be made to lead to it, wherever it might be; and, no doubt, the place selected for it was a desirable one, and the indicated uprights afforded an appropriate support for it in the horizontal position proposed. This arrangement may be conceded to be a convenient and attractive one, but I am constrained to hold that invention was not involved in making it. The range, the uprights, the boiler, and the circulating pipes were old, and had long been used to effect the several objects which they respectively accomplish when

arranged according to the patent. The patentee but altered the manner of their aggregation. He did not combine them. Furthermore, in view of the state of the art as disclosed by the evidence, and especially by the Whiteley patent, I am persuaded that any skilled mechanic, conversant with that art, who had been told to place the boiler over the range, would have done substantially all that Hayes did. If directed to place it against the wall of the room, he probably would have set it upon suitable brackets, and if required to place it above the floor, and removed from the wall, upon uprights; and, even if the same thing had never been done before, I cannot agree that the creative faculty requisite to invention was exercised when, in order to support the boiler away from the wall, and over the range itself, the necessary uprights were placed upon the latter. The other parts designated as elements of the supposed combination, are the "plate, E," and the "warming shelf, F." But these certainly do not aid the claim. They are quite distinct additions to the structure. They have each an entirely independent and separate purpose, and neither of them is combined with the other portions of the structure so as to contribute to the attainment of any unitary result. Nothing was devised, either as to their construction or mode of attachment, which was not commonplace and obvious. I find it impossible to uphold this patent, and therefore the bill is dismissed, with costs.